Stephenson *v.* Oatman.

J. J. STEPHENSON *et als. v,* L. OATMAN *et als.*

AWARD. *Arbitrators. Relationship to parties interested. Case:* O. executed a mortgage upon a house and lot to F. to secure him as his surety. Afterward the railroad run through said lot, and the question of damages was submitted by O. and the R.R. Co. to arbitrators, who awarded damages. The arbitrators were related *to* F., which fact was known to the R.R. Co., but they had no *actual* knowledge of the mortgage on the lot to F. Upon a bill filed by F. seeking to appropriate the sum awarded as damages, and upon cross-bill by the R.R. Co. impeaching the validity of the award, held, that the award should be set aside. Arbitrators should be free from interest or relationship in all cases, unless such disqualifications are waived by the parties.

---

FROM MAURY.

---

Appeal from the Chancery Court at Columbia. **W.** S. FLEMING, Ch.

GEO. FRIERSON for complainants.

JAS. H. LEWIS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

J. J. Stephenson and Robert W. Frierson, as executors of Thomas G. Frierson and James A. Fleming, file their bill in this case against L. Oatman and the Duck River Valley Narrow Gauge Railroad Company. They show that testator and complaint Fleming being liable as sureties for Oatman in 1866, took a mortgage from him of a house and lot in Columbia to secure them. That subsequently the said railroad company had built their road through said lot. Oatman

and the company agreed to submit the question of damages to the arbitrament and award of F. H. Watkins and H. L. Holman, empowering them to choose a third man if they could not agree. They not agreeing, chose Charles Clear as umpire, and the three united in making an award October 14, 1875, in favor of Oatman for $1,150.

Complainants, against whom judgment had been rendered on Oatman's debt, in March, 1877, filed their bill to subject the mortgaged premises to sale, and to have the $1,150 awarded Oatman for land taken and damages to the mortgaged premises applied to pay said judgment. Oatman does not contest their right to the relief sought, but the railroad company, in its answer, which was filed as a cross-bill, impeaches the validity of the award upon the grounds that at the time they agreed with Oatman to submit the question of damages to arbitration, he claimed to be the owner of the lot, while in fact he had previously conveyed the same to Frierson and Fleming; and secondly, that Watkins, one of the arbitrators, was brother-in-law of complainants, Fleming and Frierson, and step-father of complainant, Stephenson, and that the railroad company had no knowlege of the interest of complainants in the question submitted to the arbitration of their near kinsman. For these reasons, and because the damages are alleged to be excessive, the railroad company insists that the award should not be held as valid against them, but should be set aside.

It appears from the record that the agent of the railroad company who agreed to the submission to

Watkins as one of the arbitrators, knew of his relationship to the complainants at the time he entered into the agreement, but it does not appear that he had, at any time before the award was made, actual knowledge of the existence of the mortgage of the house and lot to Frierson and Fleming. Notice of this fact is denied, and want of such knowledge is proved by the agent authorized to act for the company. It is insisted that as the mortgage was registered it will be presumed that all persons had notice of it. However true this may be in a contest between adverse claimants of the mortgaged premises, we do not think it is of any consequence in ascertaining whether one of the parties to an arbitration had waived objection to one or more of the arbitrators on account of his relationship to the parties. In such case, if it was shown that a party had knowledge of the fact of relationship of a proposed arbiter to one of the parties and did not object, his waiver of such objection might well be presumed. Complainants knew that Watkins was nearly related to them, and that they were interested in the question submitted, but this latter material fact was unknown to the other party. Arbitrators are judges chosen by the parties to settle their controversies, and ought to be free from interest or relationship in all cases where they act, unless such disqualifications are known and waived by the parties. Frierson and Fleming were not, it is true, parties to the submission, but they were directly interested in it.

Another objection to the award is that while the railroad company are sought to be held to its per-

Stephenson *v.* Oatman.

formance, they could not have obtained title to the land if complainants had objected, and for this reason of want of mutuality it is not binding. And for these reasons the chancellor's decree against the railroad company for the sum awarded by the arbitrators must be reversed. But inasmuch as the chancellor has jurisdiction to enforce the trust in favor of complainants, and as they are entitled to have the value of the land taken by said railroad company, and damages applied to their exoneration or indemnity as the sureties of said Oatman, the cause will be remanded for the purpose of having an account taken to ascertain the value of the land taken by said company, and damages to the residue, the counsel for said company withdrawing his plea of the statute of limitations, and expressing the readiness and willingness of said company to pay upon a fair estimate of their liability being made to complainants and defendant Oatman.

As to the decree of sale of the property sold, the same will be affirmed, and the chancellor will make such further decrees as may be necessary to settle the rights of the parties. The costs of this court will be paid out of the fund, and the costs below as the chancellor may adjudge.